IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIFFANY REGINA RINGER, | : | CIVIL ACTION NO. |
| | : | 1:25-CV-3959-SEG-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BANK OF AMERICA, N.A., | : | **NON-FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendant. | : | **MOTION TO DISMISS** |

Plaintiff Tiffany Ringer, proceeding *pro se*, purports to bring her "Verified Petition for Quiet Title" ("the Complaint") against Bank of America, N.A. ("BANA" or "Defendant") regarding a "subject property" that appears to be real property located at 2598 Grayton Loop, Villa Rice, Georgia 30180-6702 ("the Property"). *See* Not. Removal [1] at ¶ 3; Compl. [1-1] at 3. Now before the Court is Defendant's Motion to Dismiss [2] all claims in the Complaint.

For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [2] be **GRANTED**.

I.     BACKGROUND

Plaintiff initiated this case by filing the "Verified Petition for Quiet Title" [1-1] ("the Complaint") on May 23, 2025, in the Superior Court of Douglas County. On July 17, 2025, Defendant removed the action to this Court based on diversity jurisdiction. *See* Not. Removal [1] at 1. Subsequently, Defendant filed a

Motion to Dismiss [2] ("Motion to Dismiss") and Plaintiff filed a Motion to Remand to State Court [6] ("Motion to Remand").

Upon review of all relevant pleadings and motions, on November 5, 2025, the undersigned issued a 32-page Order and Non-Final Report and Recommendation [8] ("Order and R&R"). The undersigned recommended that Plaintiff's Motion to Remand [6] be denied, and ordered Plaintiff to replead her Complaint to attempt to cure several pleading deficiencies the undersigned then identified and discussed in detail, within twenty-one days of the entry of the Order and R&R. *See* Order and R&R [8] at 2, 31–32. On November 25, 2025, District Judge Sarah E. Geraghty adopted the R&R as to the Motion to Remand [8]. *See* Order [13]. Plaintiff's amended complaint was due the following day, Wednesday, November 26, 2025. At this time, no amended complaint has been filed, and the Court has not received any request for an extension to do so.

The following facts are taken from Plaintiff's Complaint [1-1] and are assumed to be true for the purpose of resolving Defendant's Motion to Dismiss [2]. As previously noted in the R&R [8] denying Plaintiff's Motion to Remand [6], the Complaint is difficult to discern, but it appears that Plaintiff is challenging BANA's rights to a piece of real property located in Douglas County, subject to a mortgage apparently currently held by BANA. *See* Compl. [1-1] at 3.

To begin, Plaintiff states that she brings this action "in equity to determine and settle title to certain real property located in Douglas County, Georgia." Compl.

2

[1-1] at 3. While Plaintiff's Complaint at no point identifies the location of the Property, Defendant's Notice of Removal indicates the Property is located at 2598 Grayton Loop, Villa Rice, Georgia 30180-6702. *See* Not. Removal [1] at ¶ 3.

Plaintiff alleges that she "holds equitable and legal title to the subject property free and clear of any claim by [BANA]," she "seeks judicial confirmation of this fact," and she requests that the Court "extinguish any and all adverse claims by [BANA]." *See* Compl. [1-1] at ¶¶ 11–12. More specifically, Plaintiff "seeks a decree quieting title in her name exclusively, and for all references to [BANA]'s purported interest to be declared null, void, and of no legal effect." *Id*. at ¶ 14.

As a threshold matter, Plaintiff alleges Defendant BANA, a bank, is a not a "lawful holder or beneficiary of any mortgage or deed of trust concerning the subject property." *Id*. at ¶ 9. "[T]here exists no lawful, certified, or notarized assignment of interest or mortgage right to [BANA], violating statutory recording requirements." *Id*. at ¶ 19. "The lack of a lawful recorded assignment voids any claim [BANA] might assert under color of title. . . . only recorded interests may affect title, and silent or non-recorded claims are void as against a proper holder in due course." *Id*. at ¶ 20.

As a secondary matter, Plaintiff alleges that various notices and restrictive endorsements she provided to BANA via money orders "settled" any remaining debt, and BANA's acceptance of those money orders "create[d] an accord" under Uniform Commercial Code ("UCC") § 3-311. *See* Compl. [1-1] at ¶¶ 8, 10. The

3

"financial instruments and notices [] effectively discharged the alleged debt in full and rendered [BANA's] claim against the property void." *Id*. at ¶ 3. Plaintiff specifically alleges that she provided Defendant BANA with "[p]roper lawful tender and demand instruments" and "commercial notices" in "good faith," therefore "tendering obligations in compliance with the doctrine of accord and satisfaction under UCC 3-311 [and Article I, Section 10 of the U.S. Constitution regarding lawful money and tender]. These included money orders with explicit restrictive endorsements and verbiage that the Defendant failed to rebut or cure." *Id*. at ¶¶ 1–2, 15. "These instruments were negotiated, cashed, or otherwise processed [by BANA], creating an estoppel under commercial law." *Id*. at ¶ 8.

Overall, therefore, the Court informed Plaintiff that it construed the Complaint as a quiet title action pursuant to Georgia Code §§ 23-3-40 *et seq*. (for quiet title against a specified defendant holding a specific legal document that may be, for example, a forged deed), or Georgia Code §§ 23-3-60 *et seq*. (for quiet title against all unknown defendants who may claim an interest in land). *See* Order and R&R [8] at 4–5. Specifically, the Court informed Plaintiff that it construed her Complaint as alleging that Defendant BANA has no right to enforce any existing mortgage on the subject Property due to a gap in the chain of assignments of that mortgage. *Id*. at 4. The Court also informed Plaintiff that her Complaint does not, however, allege facts as to when any security deed was issued, mortgage granted, or to whom. *Id*.

4

## II.     DISCUSSION

The undersigned repeats and reincorporates the lengthy recitation of the legal standards and discussion governing Defendant's Motion to Dismiss that was previously set forth in the Order and R&R [8]. The undersigned explain in substantial detail in that Order and R&R that the Complaint as drafted fails to state a valid claim on several bases and would be subject to dismissal unless those deficiencies could be cured. The undersigned did not recommend dismissal at that time, however. Rather, in light of Plaintiff's *pro se* status, the undersigned provided Plaintiff with an Order including over 20 pages of legal standards and detailed legal analysis explaining the deficiencies that would need to be cured to avoid dismissal. *See* Order and R&R [8] at 11–32. The undersigned also provided a clear deadline to Plaintiff to file an amended complaint to cure these deficiencies, if the deficiencies could be so cured, within twenty-one days. *See id.* at 31–32. The Court's Order expressly informed Plaintiff that the case could otherwise be dismissed. *Id.* As noted above, it has now been over thirty days from that Order and no amendment or request for extension has been received.

The undersigned therefore must now recommend dismissal of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), for all of the reasons set forth in the Order and Report and Recommendation [8].[1]

---

[1] The Court has issued a separate Order to Show Cause [10] and Order and Report and Recommendation [14] relating solely to ancillary issues of defense counsel's conduct. That matter remains pending. Nevertheless, as the undersigned has

## III.    RECOMMENDATION

For the reasons discussed, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [2] be **GRANTED** and that this case should be **DISMISSED**. This Report and Recommendation is styled as a "non-final" action, and the Clerk is **DIRECTED** to maintain the reference to the undersigned Magistrate Judge, because of the pendency of ancillary, non-merits related matters discussed in the Order and Report and Recommendation [14] dated December 4, 2025.

**IT IS SO RECOMMENDED** this 9th day of December, 2025.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

explained, the citation errors that the Court has identified in Defendant's brief were legally immaterial to the merits of the Motion to Dismiss and the Complaint is subject to dismissal regardless. The pendency of the attorney conduct issue therefore does not impact the Court's instant recommendation on the merits of the Complaint and Motion to Dismiss.